IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Eclipse IP LLC, | ) |
| | ) |
| Plaintiff, | ) **Case No.** 2:13-cv-130 |
| | ) |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Zale Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eclipse IP LLC ("Eclipse") complains of defendant Zale Corporation ("Zale") as follows:

**Nature of Lawsuit**

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**Parties and Patents**

2. Eclipse is a company organized and existing under the laws of Florida and having a principal place of business address at 115 NW 17th Street, Delray Beach, Florida 33444.

3. Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,876,239 ("the '239 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (Exhibit A);

United States Patent No. 7,482,952 ("the '952 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (Exhibit B); and United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (Exhibit C) (collectively, "the Patents-in-Suit").

4. On information and belief, Zale is a corporation organized and existing under the laws of Delaware and having its principle place of business at 901 West Walnut Hill Lane, Irving, Texas.

5. On information and belief, Zale does regular business in this judicial district and has committed acts of infringement in this judicial district.

## Jurisdiction and Venue

6. This Court has personal jurisdiction over Zale because Zale maintains its principle place of business in the State of Texas; transacts continuous and systematic business within the State of Texas and this judicial district; is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this judicial district; and has committed the tort of patent infringement in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## Defendant's Acts of Patent Infringement

8. Zale has infringed one or more claims of the '239 patent through, among other activities, providing and/or selecting, and enabling customers to provide and/or select, authentication information for use in connection with online orders, storing the

authentication information, and providing the authentication information in notification communications to customers.

9. Zale has infringed one or more claims of the '952 patent through, among other activities, providing electronic notification communications to customers in connection with online orders, which inform them of a change in the order status, and allow the customers to make a change or cancellation regarding the order.

10. Zale has infringed one or more claims of the '716 patent through, among other activities, storing customers' contact data in memory and providing notification communications to the customers which enable them to change the contact data.

11. Prior to filing this complaint, Eclipse, by letter, informed Zale of its infringement of the Patents-in-Suit, and offered to enter into a licensing arrangement that would allow Zale to continue practicing the inventions claimed in the Patents-in-Suit.

12. Zale, however, chose not to enter into a licensing agreement with Eclipse.

13. Rather, with knowledge of the Patents-in-Suit and in disregard of Eclipse's patent rights, Zale chose to continue its infringement.

14. Accordingly, in infringing the Patents-in-suit, Zale has acted knowingly, willfully, and with the intent to induce others to infringe the Patents-in-Suit.

15. Zale has actively induced and/or contributed to the infringement by others of one more claims of each of the Patents-in-Suit.

### Claims for Relief

### Count I
### (Patent Infringement of U.S. Patent No. 7,876,239 Under 35 U.S.C. § 271, *et seq.*)

16. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 15 above.

17.     On January 25, 2011, United States Patent No. 7,876,239, entitled, "Secure Notification Messaging System and Methods Using Authentication Indicia" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '239 patent. A true and correct copy of the '239 patent is attached as Exhibit B to this complaint.

18.     Eclipse is informed and believes, and thereupon alleges, that Zale: (1) has infringed and continues to infringe claims of the '239 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '239 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '239 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### Count II
### (Patent Infringement of U.S. Patent No. 7,482,952 Under 35 U.S.C. § 271, *et seq*.)

19.     Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 18 above.

20.     On January 27, 2009, United States Patent No. 7,482,952, entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '952 patent. A true and correct copy of the '952 patent is attached as Exhibit B to this complaint.

21.     Eclipse is informed and believes, and thereupon alleges, that Zale: (1) has infringed and continues to infringe claims of the '952 patent, literally and/or under the

doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '952 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '952 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### Count III
### (Patent Infringement of U.S. Patent No. 7,119,716
### Under 35 U.S.C. § 271, *et seq*.)

22. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 21 above.

23. On October 10, 2006, United States Patent No. 7,119,716, entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '716 patent. A true and correct copy of the '716 patent is attached as Exhibit C to this complaint.

24. Eclipse is informed and believes, and thereupon alleges, that Zale: (1) has infringed and continues to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '716 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## Prayer for Relief

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against Zale and against each of the its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

(a) An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

(b) An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for Zale's willful infringement, and reasonable attorneys' fees and costs; and

(c) Such other and further relief as this Court or a jury may deem proper and just.

## Jury Demand

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

DATED:  February 14, 2013         Respectfully submitted,

/s/ Melissa R. Smith
Melissa Richards Smith
Texas Bar No. 24001351
**GILLAM AND SMITH, LLP**
303 S. Washington Ave.
Marshall,, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257
melissa@gillamsmithlaw.com

Of Counsel:

/s/ Matthew S. Harman
Matthew S. Harman
Georgia Bar No. 327169

HARMAN LAW LLC
4279 Roswell Road
Suite 102-273
Atlanta, Georgia 30342
Telephone:  (404) 869-1119
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com

                                    Attorney for Plaintiff